

*KOH*

DJB/BWL: USAO 2020R00821

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2021 JUL 22 P 5: 03

CLERK'S [OFFICE]
AT GR[EENBELT]
BY_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CRIMINAL NO. 21-cr-00276 PWG |
| | * | |
| **BRANDON THOMAS VARNER** | * | **(Conspiracy to Commit Kidnapping,** |
| **a/k/a "Osama,"** | * | **18 U.S.C. § 1201(c); Kidnapping, 18** |
| | * | **U.S.C. § 1201(a)(1); Conspiracy to** |
| **Defendant** | * | **Commit Carjacking, 18 U.S.C. § 371;** |
| | * | **Carjacking Resulting in Serious Bodily** |
| | * | **Injury, 18 U.S.C. § 2119(2); Use, Carry,** |
| | * | **Brandish, and Discharge of a Firearm** |
| | * | **During and in Relation to a Crime of** |
| | * | **Violence, 18 U.S.C. § 924(c)(1)(A)(iii);** |
| | * | **Aiding and Abetting, 18 U.S.C. § 2; and,** |
| | * | **Forfeiture, 18 U.S.C. §§ 924(d),** |
| | * | **981(a)(1)(C), and 982(a)(5), 21 U.S.C.** |
| | * | **§ 853(p), 28 U.S.C. § 2461(c))** |
| | * | |

*******

## INDICTMENT

### COUNT ONE
### (Conspiracy to Commit Kidnapping)

The Grand Jury for the District of Maryland charges that:

### Introduction

1.     Between on or about February 1, 2020 and on or about October 12, 2020, Victim A was a Maryland resident who worked as a contract driver for a ride-sharing service.

2.     On or about February 22, 2020, Victim A met the Defendant, **BRANDON THOMAS VARNER, a/k/a "Osama" ("VARNER"),** through the ride-sharing service when Victim A gave **VARNER** a ride.

3.     On or about October 12, 2020, Victim A legally owned a black semi-automatic Smith and Wesson M&P 20, .40 caliber handgun.

**The Charge**

4.       On or about October 12, 2020, in the District of Maryland and elsewhere, the

defendant,

**BRANDON THOMAS VARNER,**

together with other persons known and unknown to the Grand Jury, did knowingly, willfully, and

unlawfully combine, conspire, and agree to unlawfully seize, confine, inveigle, decoy, kidnap,

abduct, carry away, and hold Victim A for a reason that was of benefit to the defendant—

including to force Victim A to provide the defendant with Victim A's money and firearm—and,

in committing and in furtherance of the commission of this offense:  (1) willfully transported

Victim A, and caused Victim A to be transported in interstate commerce from Washington, D.C.

to Maryland; and (2) used a means, facility, and instrumentality of interstate commerce,

including a cell phone and a vehicle.

**Overt Acts**

5.       During the course of and in furtherance of the conspiracy, and to effect the objects

thereof, at least one of the co-conspirators committed at least one of the following acts, among

others, in the District of Maryland and elsewhere:

        a.       On or about October 12, 2020, **VARNER** used his cellular telephone to

contact Victim A.  During **VARNER**'s communications with Victim A, **VARNER** represented

that **VARNER** had marijuana to sell Victim A.

        b.       **VARNER** caused Victim A to drive from Maryland to Washington, D.C.

to meet **VARNER**.

        c.       When Victim A arrived at the designated location, **VARNER** approached

Victim A, and struck Victim A on the forehead with a firearm.

d.      **VARNER** and two co-conspirators thereafter forced Victim A into the rear seat of Victim A's vehicle.

e.      **VARNER** sat in the rear of the vehicle with Victim A, and **VARNER**'s two co-conspirators sat, respectively, in the driver and front passenger seat of Victim A's vehicle.

f.      **VARNER** and his co-conspirators demanded Victim A accompany them to an ATM and withdraw money from Victim A's bank account.

g.      **VARNER** and his co-conspirators searched Victim A's vehicle and located a firearm magazine and ammunition.

h.      **VARNER** and his co-conspirators demanded that Victim A provide the location of Victim A's residence for the purpose of obtaining Victim A's firearm.

i.      **VARNER** and his co-conspirators drove Victim A's vehicle from Washington D.C., to Victim A's residence located in Maryland.

j.      When Victim A exited the vehicle to retrieve Victim A's firearm, **VARNER** and the co-conspirator sitting in the front passenger seat of Victim A's car fired multiple gun shots toward Victim A, striking Victim A seven times.

18 U.S.C. § 1201(c)

## COUNT TWO
### (Kidnapping)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 3 and 5 of Count One of this Indictment are incorporated here.

2.      On or about October 12, 2020, in the District of Maryland and elsewhere, the defendant,

**BRANDON THOMAS VARNER,**

did unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away, and hold Victim A for a reason that was of benefit to the defendant—including to force Victim A to provide the defendant with Victim A's money and firearm—when (1) Victim A was willfully transported in interstate commerce from Washington, D.C. to Maryland; and (2) the defendant used any means, facility, and instrumentality of interstate commerce, including a cell phone and a vehicle, in committing and in furtherance of the commission of the offense.

18 U.S.C. § 1201(a)(1)
18 U.S.C. § 2

## COUNT THREE
### (Conspiracy to Commit Carjacking)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 3 of Count One of this Indictment are incorporated here.

### The Conspiracy

2.      On or about October 12, 2020, in the District of Maryland and elsewhere, the

defendant,

### BRANDON THOMAS VARNER,

together with others known and unknown to the Grand Jury, did knowingly, willfully, and

unlawfully combine, conspire, and agree to take from the person and presence of Victim A, by

force, violence and intimidation, and with intent to cause death and serious bodily harm, a motor

vehicle, namely a 2019 Hyundai Ioniq bearing Maryland registration tag number 1DY0166, that

had been transported, shipped and received in interstate commerce, in violation of 18 U.S.C.

§ 2119(2).

### Overt Acts

3.      During the course of and in furtherance of the conspiracy, and to effect the objects

thereof, at least one of the co-conspirators committed at least one of the following acts, among

others, in the District of Maryland and elsewhere:

        a.      On or about October 12, 2020, **VARNER** used his cellular telephone to

contact Victim A.  During **VARNER**'s communications with Victim A, **VARNER** represented

that **VARNER** had marijuana to sell Victim A.

        b.      **VARNER** caused Victim A to drive from Maryland to Washington, D.C.

to meet **VARNER**.

    c.      When Victim A arrived at the designated location, **VARNER** approached Victim A, and struck Victim A on the forehead with a firearm.

    d.      **VARNER** and two co-conspirators thereafter forced Victim A into the rear seat of Victim A's vehicle, namely his 2019 Hyundai Ioniq bearing Maryland registration tag number 1DY0166.

    e.      **VARNER** sat in the rear of the vehicle with Victim A, and **VARNER**'s two co-conspirators sat, respectively, in the driver and front passenger seat of Victim A's vehicle.

    f.    **VARNER** and his co-conspirators searched the vehicle and located a firearm magazine and ammunition.

    g.    **VARNER** and his co-conspirators forced Victim A to direct them to his residence in Maryland.

    h.    **VARNER** and his co-conspirators drove Victim A to his residence in Maryland.

    i.    When Victim A exited the vehicle at Victim A's residence in Maryland to retrieve Victim A's firearm, **VARNER** and the co-conspirator sitting in the front passenger seat of Victim A's car fired multiple gun shots toward Victim A, striking Victim A seven times.

    j.      After **VARNER** and the co-conspirator in the front seat of the vehicle fired multiple gun shots toward Victim A, the vehicle began to drive at a high rate of speed away from Victim A's residence and **VARNER** shut the rear driver's side door.

    k.      The vehicle drove for approximately four seconds, came to an abrupt stop, and **VARNER** exited the vehicle from the rear driver's side door to retrieve Victim A's firearm case, which contained Victim A's firearm.

l.      **VARNER** retrieved the firearm case and then ran towards the vehicle and entered through the rear driver's door, which was still open.

m.      **VARNER** shut the door and the vehicle sped away from Victim A's residence.

18 U.S.C. § 371

## COUNT FOUR
### (Carjacking Resulting in Serious Bodily Injury)

The Grand Jury for the District of Maryland further charges that:

On or about October 12, 2020, in the District of Maryland and elsewhere, the defendant,

**BRANDON THOMAS VARNER,**

together with others known and unknown to the Grand Jury, by force, violence and intimidation, and with the intent to cause death and serious bodily harm, did take from the person and in the presence of Victim A. a motor vehicle that had been transported, shipped and received in interstate commerce, namely a 2019 Hyundai Ioniq bearing Maryland registration tag number 1DY0166, resulting in serious bodily injury to Victim A.

18 U.S.C. § 2119(2)
18 U.S.C. § 2

**COUNT FIVE**
**(Use, Carry, Brandish, and Discharge a Firearm**
**During and in Relation to a Crime of Violence)**

The Grand Jury for the District of Maryland further charges that:

On or about October 12, 2020, in the District of Maryland and elsewhere, the defendant,

**BRANDON THOMAS VARNER,**

knowingly used, carried, brandished, and discharged a firearm during and in relation to a crime

of violence for which he may be prosecuted in a court of the United States—that is, carjacking,

in violation of 18 U.S.C. § 2119(2), as charged in Count Four of this Indictment, which is

incorporated here.


18 U.S.C. § 924(c)(1)(A)(iii)
18 U.S.C. § 2

9

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.     Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Counts One through Five of this Indictment.

### Kidnapping Forfeiture

2.     Upon conviction of the offense set forth in Counts One and Two of this Indictment, the defendant,

### BRANDON THOMAS VARNER,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses.

### Carjacking Forfeiture

3.     Upon conviction of the offenses set forth in Counts Three and Four of this Indictment, the defendant,

### BRANDON THOMAS VARNER,

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(5), all property any property, real or personal which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such offenses.



10

## Firearms and Ammunition Forfeiture

4.      Upon conviction for the offenses set forth in Counts Three through Five of this Indictment, the defendant,

## BRANDON THOMAS VARNER,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offenses.

## Property Subject to Forfeiture

5.      The property to be forfeited includes, but is not limited to, a black semi-automatic Smith and Wesson M&P 20, .40 caliber handgun (serial # NHB8486) and case that the defendant stole from Victim A on or about October 12, 2020.

## Substitute Assets

6.      If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

      a.      cannot be located upon exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall

be entitled to forfeiture of substitute property up to the value of the forfeitable property described

above.


18 U.S.C. § 924(d)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(5)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

 

                                       _____
                                       Jonathan F. Lenzner
                                       Acting United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

                                       22JUL2021
                                       Date